UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID CHESTER FAULKNER, )
                                                   )
      Plaintiff, )
                                                   )    No. 3:11-CV-154
                                                   )    (GUYTON)
V. )
                                                   )
WARDEN OSBOURNE, *et al.*, )
                                                   )
      Defendants. )

## **MEMORANDUM OPINION AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 63]. Now before the Court is a Motion for Summary Judgment [Doc. 75], filed by Defendant Ronald Higgs, M.D. The Plaintiff has responded in opposition to the Motion for Summary Judgment [Doc. 76], and Dr. Higgs has filed a final reply [Doc. 77]. The Court finds that the Motion for Summary Judgment is now ripe for adjudication. For the reasons stated below, the Court finds that the Motion for Summary Judgment [Doc. 75] is well-taken, and it will be **GRANTED**. All claims against Dr. Higgs will be **DISMISSED**.

The Plaintiff, David Chester Faulkner, is an inmate in the custody of the Tennessee Department of Correction ("TDOC"), housed at Morgan County Correctional Complex ("MCCX). In his Complaint, the Plaintiff claims that Dr. Higgs was indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. As a prisoner, the Plaintiff has a right to medical care; he does not have a right to receive the type or scope of medical care which he personally desires. Dotson v. Corr. Med. Serv., 584 F.Supp.2d

1063, 1067 (W.D. Tenn. 2008) (quoting United States v. McGinnis, 429 F.2d 864, 867-68 (2d Cir. 1970)). "A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983."

The Court of Appeals has explained the components of a medical claim under the Eighth Amendment:

> An Eighth Amendment claim has two components, one objective and one subjective. To satisfy the objective component, the plaintiff must allege that the medical need at issue is "sufficiently serious." To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.

Comstock v. McCrary, 273 F.3d 693, 702-03 (6th Cir. 2001) (internal citation omitted).

Dr. Higgs maintains that the Plaintiff has not demonstrated the subjective component of his claim – *i.e.* the Plaintiff has failed to show that Dr. Higgs disregarded a substantial risk. Dr. Higgs argues that the Court should grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because there is no genuine dispute as to any material fact regarding Plaintiff's medical claim and Dr. Higgs is entitled to judgment as a matter of law. [See Doc. 75-1 at 7].

The Plaintiff responds by arguing that: (1) the Defendants in this case have not responded to discovery requests served by the Plaintiff; (2) motions before the Court would prevent the Court from granting summary judgment; and (3) Plaintiff has not been allowed sufficient discovery in this case. [Doc. 76].

In reply, Dr. Higgs argues that he has responded to the discovery served by the Plaintiff,

and he provides an affidavit of counsel attesting to the same [Doc. 77-1]. Dr. Higgs notes that a party alleging insufficient discovery in the face of a motion for summary judgment must show "how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment." Dotson, 584 F.Supp.2d at 1066 (quoting Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 409 (6th Cir.1998)).

The Court has considered the parties' filings and the procedural posture of this case. The Court has viewed the factual evidence in this case and drawn all reasonable inferences in favor of the Plaintiff. See Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). The Court, however, finds that the Plaintiff has failed to allege facts which, if true, would show that: (1) Dr. Higgs subjectively perceived facts from which to infer substantial risk to the Plaintiff; (2) he did in fact draw the inference; and (3) he then disregarded that risk. See Comstock v. McCrary, 273 F.3d at 702-03. Accordingly, the Court finds that there is no genuine dispute as to any material fact regarding Plaintiff's medical claim, and the Court finds Dr. Higgs is entitled to judgment as a matter of law, pursuant to Rule 56.

The Court has considered the Plaintiff's position in opposition, but the Court finds that the Plaintiff's arguments are not well-taken. First, the Court finds that, based on the evidence in the record, Dr. Higgs did respond to the discovery served upon him. Second, the Court finds that the Plaintiff has not directed the Court, via affidavit or declaration, to any facts essential to his position that are not in the record and for which he would need additional time to obtain. Thus, there is no basis for postponing ruling on the instant motion, which has been ripe for adjudication for two and a half months. The Court finds that the Plaintiff has been afforded a sufficient opportunity to take discovery. Finally, the Court finds that there are no motions pending in this case that would prevent ruling on the instant motion.

Accordingly, the Court finds that Dr. Higgs's Motion for Summary Judgment **[Doc. 75]** is well-taken, and it is **GRANTED**. All claims against Dr. Higgs are **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter a Judgment consistent with this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

ENTER:

<u>            s/ H. Bruce Guyton</u>
United States Magistrate Judge